OPINION
{¶ 1} Defendant-appellant, Eric Swanson, appeals the decision of the Butler County Court of Common Pleas sentencing him to a greater than minimum prison term, and classifying him a sexual predator, upon his convictions for pandering sexually-oriented material involving a minor, and illegal use of a minor in nudity-oriented materials.
 {¶ 2} In October 2003 appellant was on probation for a previous child endangering conviction involving his young daughter. That conviction was the result of his inappropriate sexual contact with her. On October 20, 2003, at a meeting with his probation officer, appellant admitted that he had been misusing prescription drugs. He then became emotional, and told the probation officer that he "can't help himself," that he "likes little girls," and that "the desire is still there." Appellant was permitted to leave and return home. As a result of appellant's statements, probation officers went to the home appellant shared with his parents later that day. His parents let them into the home, and the officers discovered pornographic images of children on appellant's computer.
 {¶ 3} Appellant was charged with, and pled no contest to, one count of pandering sexually-oriented matter involving a minor, in violation of R.C. 2907.332(A)(5), and one count of illegal use of a minor in nudity-oriented material, in violation of R.C.2907.323(A)(1). Appellant was sentenced and, following a hearing, was determined to be a sexual predator. He appeals, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO PROPERY WEIGH SENTENCING FACTORS AND IN FINDING FACTS THAT ARE CONTRARY TO THE EVIDENCE TO SENTENCE APPELLANT TO SEVEN YEARS IN PRISON."
 {¶ 6} In this assignment of error, appellant argues specifically that the trial court erred by imposing a greater than minimum sentence.
 {¶ 7} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme are unconstitutional. Among the statutes found unconstitutional were R.C. 2929.14(B) and R.C. 2929.19(B)(2), concerning the imposition of a greater than minimum prison term. Id. at ¶ 97-99. The court severed these sections from the sentencing code. The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing.Foster at ¶ 104. Because unconstitutional sentencing provisions were utilized by the trial court, we must remand this case for resentencing, consistent with Foster. See, also, State v.Landis, Butler App. No. CA2005-10-428, 2006-Ohio-3538, ¶ 60-62. Appellant's first assignment of error is sustained.
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT COMMITTEE [SIC] PREJUDICIAL ERROR IN FINDING APPELLANT TO BE A SEXUAL PREDATOR."
 {¶ 10} In his second assignment of error, appellant argues that the trial court's decision classifying him a sexual predator was made in error, as the record does not contain evidence indicating that he is likely to commit another sexually-oriented offense.
 {¶ 11} A sexual predator is statutorily defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Since appellant was convicted of the illegal use of a minor in nudity oriented materials, a sexually-oriented offense as defined by R.C. 29580.01(D)(b)(4), at issue in the instant matter is whether the state presented clear and convincing evidence that appellant is likely to engage in future sexually-oriented offenses. See State v. Cook, 83 Ohio St.3d at 423-424,1998-Ohio-291.
 {¶ 12} Clear and convincing evidence is "that measure or degree of proof which will provide in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247, quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. When reviewing a trial court's decision finding clear and convincing evidence, an appellate court "examine[s] the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof." Cook at 431.
 {¶ 13} R.C. 2950.09(B)(2)(a) through (j) list the factors a trial court must consider in determining whether a person is a sexual predator. The trial court is not required to find that the evidence presented supports a majority of the factors before making the sexual predator classification. State v. Boshko
(2000), 139 Ohio App.3d 827, 840. Rather, the trial court has discretion to rely upon one factor more than another, depending upon the circumstances of the case. Id. Although the standard set forth in R.C. 2950.01(E) looks toward a defendant's propensity to engage in future behavior, a trier of fact may look at past behavior as well, as past behavior is often an important indicator of future propensity. State v. Brown, Butler App. No. CA2005-04-085, 2006-Ohio-338, ¶ 5.
 {¶ 14} Having reviewed the record, we conclude that the trial court's sexual predator determination is supported by the evidence. The trial court was presented with appellant's presentence investigation report, which contained information about the instant offense, and the sexual nature of the incident which led to appellant's prior conviction for child endangering. Forensic psychologist, Dr. Bobbie Hopes, conducted an exam of appellant. She testified that appellant admitted the sexual nature of the previous offense to her. Appellant described sexually touching his daughter when she was three and four years old, and admitted a sexual attraction to her. She further testified that appellant completed a sex offender program, yet admitted to her that he did not think it was helpful. Shortly after leaving the program, while still on probation, appellant began downloading pornographic images of children from the internet. The images were of preadolescent and adolescent children. After examining appellant, Dr. Hopes concluded that appellant posed a moderate to high risk of reoffending.
 {¶ 15} Appellant argues that Dr. Hopes' testimony should not have been admitted because she was unable to conduct a "sex offender test" on appellant, since the standardized tests normally administered indicate only the risk of reoffending among offenders who had physical contact with children, or attempted physical contact. In the instant case, appellant downloaded and viewed pornographic images of children on his computer. Appellant consequently contends that she is unable to offer expert, scientific testimony.
 {¶ 16} Although Dr. Hopes did not conduct a standardized sex offender test, she did conduct a mental status examination of appellant that lasted more than two hours. She observed appellant's behavior, memory, speech and mood, and questioned him regarding the instant offense and the prior offense. Appellant was forthcoming about his sexual attraction to children during this exam. Based on her examination, she was able to provide the trial court with her assessment of appellant's likelihood to reoffend, and we find no error in the trial court's consideration of her testimony. See State v. Bolser, Butler App. No. CA2002-Ohio-1231, (trial court appropriately relied on report of psychologist in determining that defendant was a sexual predator); State v. Gann, 154 Ohio App.3d 170, 2003-Ohio-4000.
 {¶ 17} The trial court indicated on the record that it had considered the pertinent statutory criteria in finding appellant a sexual predator. After reviewing the record, we conclude that there was clear and convincing evidence before the trial court that appellant is likely to reoffend, and the court's determination is supported by competent, credible evidence. The assignment of error is overruled.
 {¶ 18} Having reviewed the assignments of error, we affirm the trial court's classification of appellant as a sexual predator. Judgment, however, is reversed as to sentencing only, and this case is remanded for resentencing in accordance with this opinion.
POWELL, P.J., and BROGAN, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.