[Cite as *State v. Thomas*, 2013-Ohio-4327.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                          :

    Plaintiff-Appellee,                          :                    CASE NO.   CA2012-11-223

                                                               :                    O P I N I O N
    - vs -                                                                         9/30/2013

                                                               :

ZACHARY K. THOMAS,                            :

    Defendant-Appellant.                        :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-05-0701

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011 and F. Joseph Schiavone, 6 South Second Street, Suite 520, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Zachary Thomas, appeals his conviction in the Butler County Court of Common Pleas for illegal use of a minor in a nudity-oriented material or performance.

{¶ 2}   Thomas was indicted on 14 counts of voyeurism, one count of disseminating matter harmful to juveniles, and one count of illegal use of a minor in a nudity-oriented

material or performance. Thomas pled guilty to all 14 counts of voyeurism and the charge of disseminating matter harmful to juveniles. The offense of illegal use of a minor in a nudity-oriented material or performance proceeded to a jury trial.

{¶ 3} At trial, the subject of the pictures in question, K.N., testified. At the time the photos were taken, K.N. was 17 years old. She testified that she met Thomas on Facebook through mutual friends. After exchanging messages on Facebook for a few days, they began to communicate via cell phone text messages.

{¶ 4} Eventually the two began sharing pictures via text message, both clothed and nude. K.N. testified that she took the photos of herself and sent them to Thomas at his request. Thomas specifically asked K.N. to send him explicit pictures, and she complied.

{¶ 5} The jury subsequently convicted Thomas of illegal use of a minor in a nudity-oriented material or performance. The trial court then sentenced Thomas to 180 days in jail for each of the 14 voyeurism convictions, two of which were to be served consecutively; 180 days in jail for the disseminating material harmful to juveniles conviction, to be served concurrently; and five years of community control for the illegal use of a minor in a nudity-oriented material or performance.

{¶ 6} Thomas now appeals his conviction, raising three assignments of error for our review:

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF [THOMAS] WHEN IT RULED THAT [THOMAS] COULD NOT ARGUE TO THE JURY THAT HE WAS RECKLESS IN HIS BELIEF THAT THE VICTIM WAS UNDER 18 YEARS OF AGE.

{¶ 9} Within this assignment of error, Thomas argues that in order to prosecute him for the illegal use of a minor in a nudity-oriented material or performance, the state must prove that he was reckless in his knowledge that the minor was under 18 years of age.

{¶ 10} R.C. 2907.323(A)(3) states: "No person shall * * * [p]ossess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity * * *." The Ohio Supreme Court has recognized that "[b]ecause R.C. 2907.323 does not specify any degree of culpability, the degree of culpability required to commit the offense is recklessness." *State v. Tooley*, 114 Ohio St.3d 366, 2007-Ohio-3698, at ¶ 37.

{¶ 11} Thomas argues that the reckless mens rea applies to both the possession of the material and the knowledge of the victim's age. On the other hand, the state argues that the mental standard of recklessness applies only to the possession of the material. Therefore, according to the state, it only need prove that the victim was a minor, regardless of Thomas' knowledge of her age.

{¶ 12} Thomas concedes that he possessed nude photographs of K.N. on his cell phone. However, he argues the trial court erred when it prevented him from arguing to the jury whether he was aware of K.N.'s age of minority or was reckless in his knowledge of K.N.'s age. The trial court held that the reckless mental standard applies only to the possession of the material and not to the knowledge of the victim's age, and therefore refused to allow Thomas to argue to the jury that he was reckless in his knowledge of K.N.'s age of minority.

{¶ 13} The state cites the Ohio Supreme Court decision in *State v. Tooley*, 114 Ohio St.3d 366, 2007-Ohio-3698, and this court's decision in *State v. Gann*, 154 Ohio App.3d 170, 2003-Ohio-4000 (12th Dist.), in support of its argument. However, in both of those cases, the issue of the defendant's knowledge of the victim's age was not in question. In *Tooley*, the defendant was not arguing that he was unaware of the victim's age or reckless in his knowledge of the victim's age, but that the state did not prove that the images depicted a real person. Therefore, the Court in *Tooley* did not hold that the mental standard of recklessness does not apply to the knowledge of the victim's age, it simply did not address the issue

- 3 -

because it was not in question.

{¶ 14} Similarly, in *Gann*, this court addressed the defendant's arguments that the persons depicted in the images and videos were not proven to be minors or real children. Again, the issue at hand was not whether the defendant was aware of or reckless in his knowledge of the victims' ages. The trial court found that the victims in the images were clearly minors, and the defendant did not argue that he was reckless in his knowledge of their age. Thus, just as the Ohio Supreme Court was silent on the issue in *Tooley*, this court was also silent on the issue of whether the reckless mental standard applies to the defendant's knowledge of the victim's age.

{¶ 15} We find that, in the absence of specific language in the statute indicating that defendant's knowledge of the victim's age is irrelevant, the reckless mental standard applies to the entirety of the statute. Our holding is in line with that of the Ninth District's decision in *State v. Underwood*. 9th Dist. Medina No. 09-CR-0394, 2011-Ohio-5703. In *Underwood*, the defendant specifically argued that the state failed to show he acted recklessly in regard to the victim's age of minority. The trial court heard evidence from the state and defendant regarding his knowledge of the victim's age before finding him guilty of illegal use of a minor in a nudity-oriented material or performance. The Ninth District affirmed his conviction, finding that "there was sufficient evidence to establish that Underwood recklessly, with heedless indifference to an admittedly known risk regarding B.F.'s minority, possessed material showing the minor in a state of nudity." It is clear that the Ninth District applied the mental standard to the entirety of the statute, including the defendant's knowledge of the victim's age. We agree with that analysis.

{¶ 16} In light of the foregoing, having found that the mental standard of recklessness in the illegal use of a minor in a nudity-oriented material or performance applies not only to the possession of the material, but also to the knowledge of the victim's age, Thomas' first

- 4 -

assignment of error is sustained.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED TO THE PREJUDICE OF [THOMAS] WHEN IT ADMITTED "OTHER ACTS" ARGUMENT AND TESTIMONY INTO EVIDENCE.

{¶ 19} Within this assignment of error, Thomas argues the trial court erred in allowing the state to make arguments and elicit testimony regarding the voyeurism counts that arose from his arrest for taking photographs of women who were changing clothes in a tanning salon.

{¶ 20} During opening statements, the state told the jury that the case began when the Hamilton Police Department was investigating Thomas for taking pictures of women at a tanning salon. Thomas' objection to this statement was overruled, with the trial court finding that it was admissible as background information and under Evid.R. 404(B). The trial court then instructed the jury that the information regarding the tanning salon was not to be considered as evidence that Thomas acted in conformity therewith.

{¶ 21} During K.N.'s testimony, the topic of Thomas' arrest for taking the photographs of nude women in the tanning salon arose once again. Thomas objected, but was again overruled as the trial court found that the "jury has a right to know background facts, etcetera."

{¶ 22} It is well-established that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that a person acted in conformity therewith on a particular occasion. Evid.R. 404(B); *State v. Ford*, 12th Dist. Butler No. CA2009-01-039, 2009-Ohio-6046 ¶ 37. Such evidence may be used for other purposes, however, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evid.R. 404(B); *Ford* at ¶ 37. Nevertheless, even if the evidence meets the prerequisites of Evid.R. 404(B), it may still be excluded under Evid.R.

403(A) if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. *State v. Hart*, 12th Dist. Warren No. CA2008-06-079, 2009-Ohio-997, ¶ 11.

{¶ 23} "Evid.R. 403(A) speaks in terms of unfair prejudice. Logically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid.R. 403 prohibits." *State v. Martin*, 12th Dist. Butler No. CA2007-01-022, 2007-Ohio-7073, ¶ 16, citing *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 107. Unfairly prejudicial evidence is that which might result in an improper basis for a jury decision. *State v. Bowman*, 144 Ohio App.3d 179, 186 (12th Dist.2001).

{¶ 24} The state argues that the statement was admissible as Evid.R. 404(B) identity evidence. However, in the present case, Thomas' identity was not in question. It is uncontradicted that it was Thomas who exchanged the lewd photographs with K.N. via their cell phones.

{¶ 25} In addition, this court does not find that the statement regarding the tanning salon arrest fits under any of the other purposes enumerated in Evid.R. 404(B): proof of motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident. The secret photographing of women in a tanning salon is significantly different than the consensual exchange of nude photographs with another.

{¶ 26} Finally, even if the statements were admissible under Evid.R. 404(B), their probative value is substantially outweighed by their unfairly prejudicial effect, and they are therefore prohibited by virtue of Evid.R. 403. In the present case, the impact that the knowledge of the tanning salon arrest has upon the jury is immeasurable. That knowledge undoubtedly casts an entirely different light on the facts surrounding the photographs of K.N., regardless of the trial court's proper limiting instruction.

{¶ 27} In light of the foregoing, having found that the "other acts" evidence in question

does not satisfy any of the purposes of Evid.R. 404(B), and that its probative value was substantially outweighed by its prejudicial effect, Thomas' second assignment of error is sustained.

{¶ 28} Assignment of Error No. 3:

{¶ 29} [THOMAS] RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 30} Here, Thomas argues his trial counsel was ineffective in entering "into a stipulation regarding evidence to justify a guilty plea when, in fact, there is insufficient evidence to justify such a plea."

{¶ 31} To prevail on an ineffective-assistance-of-counsel claim, a defendant must show that (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) he was prejudiced by that deficient performance in that there is a reasonable probability that, but for his counsel's deficient performance, the outcome of his trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694, 104 S.Ct. 2052 (1984).

{¶ 32} Thomas alleges that a review of the pictures stemming from his secret videotaping and photographing of women at a tanning salon does not justify a conviction for 14 counts of voyeurism. He argues that some of the photographs depict women who are fully clothed, and therefore do not justify charges of voyeurism.

{¶ 33} However, we do not reach the merits of this argument because the record is devoid of evidence in support of Thomas' claims. Because "appellate review is strictly limited to the record, and this court cannot consider matters outside the record that were not part of the trial court proceedings," we decline to address Thomas' accusations regarding ineffective assistance of counsel predicated on claims that are not part of the record. *State v. Carroll*, 12th Dist. Clermont Nos. CA2007-02-030, CA2007-03-041, 2007-Ohio-7075, ¶ 62.

{¶ 34} In light of the foregoing, having found that Thomas' argument is based on

evidence outside the record, Thomas' third assignment of error is overruled.

{¶ 35} Judgment affirmed insofar as it relates to Thomas' convictions and sentences for 14 counts of voyeurism and one count of disseminating matter harmful to juveniles, and judgment reversed and remanded for further proceedings consistent with this Opinion insofar as it relates to Thomas' conviction and sentence for illegal use of a minor in nudity-oriented material or performance.

S. POWELL, J., concurs.

HENDRICKSON, P.J., concurs separately.

**HENDRICKSON, P.J., concurring separately.**

{¶ 36} I concur with the judgment of the majority in finding that the "other acts" evidence in question does not satisfy any of the Evid.R. 404(B) purposes. This evidence could only otherwise be admissible if it had probative value as background information that was not substantially outweighed by its prejudicial effect. Ohio courts have held that background information relating to other crimes alleged to have been committed by the defendant is permissible in order to explain why the police took certain actions in the pending charge. *State v. Edwards*, 10th Dist. Franklin No. 89AP-1014, 1990 WL 136048 (Sept. 18, 1990). However, this background information is not unlimited and should be restricted to provide only general information, rather than specific, unless the relevant facts involved require it. Here, there was no need for the state to elicit, nor its witnesses to recite, detailed facts surrounding the bifurcated voyeurism charges. The state felt it was necessary to explain to the jury why the police officers initially searched Thomas' cell phones. It would have sufficed in this case to only provide information that Thomas was being investigated in an unrelated voyeurism investigation involving his cell phone. This evidence became

significantly prejudicial when both the state and its witnesses provided detailed information regarding the voyeurism charges throughout the trial, sometimes without objection by defense counsel and sometimes without a limiting jury instruction by the court.

{¶ 37} The state first alluded to the investigation of Thomas for "taking pictures of women at a tanning salon" during opening statements. Thomas objected on the basis that such statements were prejudicial. In turn, the state argued that it was allowable under Evid.R. 404(B) in order to prove identity or a "scheme and a pattern of conduct[.]" The trial court held that the statements were admissible under Evid.R. 404(B), and instructed the jury as follows:

> The Court does want to tell the jury that the information about the cell phone and the tanning bed, that's only to give you some background as to how this case got here, okay? You're not to consider that the defendant acted in conformity therewith, but just to give you background as to how we got to where we are today, okay?

{¶ 38} Following the trial court's limiting instruction to the jury, the state continued on with its opening statement, choosing to reveal further details of the investigation into the tanning salon photographs. The state provided the jury with the name and location of the tanning salon, a description of the content of the photographs as depicting "women while they were tanning without their clothes on," and the number of women who were involved.

{¶ 39} Subsequently, the issue was raised again during the direct examination of the victim, K.N. Upon realizing that the state was on the cusp of eliciting testimony from K.N. regarding the tanning salon photographs, Thomas objected once more. The trial court again overruled Thomas' objection, holding that the "jury has a right to know background facts, etcetera." K.N. then went on to testify that she "was told on Facebook that [Thomas] was arrested on March 1st for taking pictures of nude women in tanning salons." K.N. further testified that when she confronted Thomas, he admitted to taking the photographs. The trial

court did not provide the jury with any limiting instruction on that testimony.

{¶ 40} Next, Detective John Fischer gave extensive testimony regarding the investigation into the tanning salon photographs. He stated that there was an investigation of someone taking video of customers at the tanning salon without their permission, which led them to Thomas. Det. Fischer then testified that they discovered "[m]ultiple photos and videos of females" on Thomas' phone "who were in or using a tanning bed where the video had been taken up over a wall without their knowledge." Thomas did not object to this testimony and the trial court did not provide the jury with any limiting instruction.

{¶ 41} Finally, Detective Frank Botts testified and began reiterating the testimony of Det. Fischer in regard to the tanning salon allegations against Thomas. Det. Botts stated that he investigated an allegation of a customer videotaping female patrons while they were tanning after one of the victims "that caught Mr. Thomas videotaping her came to headquarters[.]" Thomas objected, and this time the trial court sustained the objection. However, once again there was no limiting instruction provided to the jury.

{¶ 42} Had the evidence of the tanning salon investigation been limited to the state's opening statements or just general information regarding the voyeurism charge, I may have been inclined to agree with the trial court that it was admissible as background information. However, I find that the state's repeated elicitation of detailed testimony on that subject on direct examination, as well as the trial court's failure to properly instruct the jury on each of those occasions, resulted in Thomas being unfairly prejudiced by that testimony.