[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY {¶ 1} This cause comes before the court on relator's complaint for writ of prohibition and motions to stay resentencing and to amend complaint, and upon respondents' motion to dismiss.
 {¶ 2} Initially, the court finds that the motion to amend complaint is well taken and the complaint shall be amended to reflect the proper names and addresses of respondents.
 {¶ 3} The complaint seeks an order prohibiting respondent, presiding judge in relator's criminal case, from conducting a "resentencing hearing" on Tuesday, March 29, 2005. It is alleged that relator was convicted and sentenced, fully served the imposed term of incarceration, and was ordered to appear for "resentencing" for the purpose of correcting two uncontested mistakes in respondent's notification of postrelease control. It is also appears that relator was never placed on postrelease control by the Ohio Parole Board, apparently, because he was permitted to serve the end of his sentence in the Auglaize County Jail.
 {¶ 4} A writ of prohibition is an extraordinary writ issued by a higher court to a lower court or tribunal to prevent usurpation or exercise of judicial powers or functions for which the lower court or tribunal lacks jurisdiction. State ex rel. Winnefeld v. Butler Cty. Ct.of Common Pleas (1953), 159 Ohio St. 225.
 {¶ 5} In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Whitev. Junkin (1997), 80 Ohio St.3d 335. It is well settled that prohibition will only lie where an inferior court patently and unambiguously lacks jurisdiction over the cause. State ex rel. Litty v. Leskovyansky (1996),77 Ohio St.3d 97. Prohibition will not lie to prevent an anticipated erroneous judgment. State ex rel. Heimann v. George (1972),45 Ohio St.2d 231.
 {¶ 6} Upon consideration of same the court finds that a writ of prohibition will not issue in this matter as it is not clear that respondent "patently and unambiguously" lacks jurisdiction over the cause. Furthermore, there clearly exists an adequate remedy in the ordinary course of law. See State ex rel. Tubbs Jones v. Suster (1998),84 Ohio St.3d 70.
 {¶ 7} Respondent, as trial court in relator's criminal case, clearly has jurisdiction over matters relating to further proceedings in the action. Although it is unclear whether respondent may properly vacate the sentence it previously imposed, pursuant to State v. Jordon,104 Ohio St.3d 21, 2004-Ohio-6085, and without an appeal by the State, that question is not before this court. Rather, such questions relate only to an anticipated erroneous judgment.
 {¶ 8} Moreover, other than bare allegation, relator makes no showing that a "resentencing judgment" would not be subject to review on appeal pursuant to R.C. 2505.02. To the contrary, relator may seek to stay execution of the judgment and raise any error or irregularity in the re-sentencing order on appeal. For this reason, we find that relator has an adequate remedy in the ordinary course of law. See State ex rel.Jackson v. Miller (1998), 83 Ohio St.3d 451.
 {¶ 9} Accordingly, the complaint fails to state a claim upon which relief by writ of prohibition can be granted and the motion to dismiss is well taken. The motion to stay resentencing is denied.
 {¶ 10} It is therefore ORDERED, ADJUDGED and DECREED that the complaint for writ of prohibition be, and hereby is, dismissed at the costs of relator for which judgment is hereby rendered.

 Robert R. Cupp /s/
 Thomas F. Bryant /s/
 Richard M. Rogers /s/
 Judges