OPINION
{¶ 1} Defendant-appellant, Daniel Bettis, appeals his convictions in Butler County Court of Common Pleas on multiple counts of illegal use of a minor in nudity-oriented material or performance and pandering sexually-oriented matter involving a minor. We affirm the judgment.
 {¶ 2} Appellant first came to the attention of local law enforcement after he was arrested by an agent from the Federal Bureau of Investigation ("FBI"), who was corresponding with appellant online in an undercover capacity.
 {¶ 3} Authorities learned from appellant that he owned and used a computer in his home in Hamilton, Ohio. Based upon the information gathered from the seizure of a computer from appellant's home, appellant was charged and found guilty in a trial to the bench of three counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), three counts under R.C. 2907.323(A)(3), and six counts of pandering sexuallyoriented matter involving a minor in violation of R.C. 2907.322-(A)(5). Appellant appeals his convictions, presenting two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred to the prejudice of defendant-appellant when it refused to dismiss both counts against him."[1]
 {¶ 6} Appellant argues that the trial court erred when it denied his Crim.R. 29 motion. When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, this court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Rucker, Butler App. No. CA2001-04-076, 2002-Ohio-172.
 {¶ 7} In resolving the sufficiency of the evidence, the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus.
 {¶ 8} R.C. 2907.322(A)(5) states that "[n]o person, with knowledge of the character of the material or performance involved, shall do any of the following: Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation or bestiality."
 {¶ 9} R.C. 2907.323(A)(1) and (3) states that "[n]o person shall do any of the following: (1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless one of the following applies * * *;" (3) Possess or view any material or performance that shows a minor who is the person's child or ward in a state of nudity, unless one of the following applies: * * *.[2]
 {¶ 10} Appellant presents two specific arguments under this assignment of error. First, appellant argues that there was insufficient evidence that he recklessly possessed the materials in question.
 {¶ 11} A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist. R.C. 2901.22(C).
 {¶ 12} To establish that the defendant recklessly possessed the material, the state must show that the defendant had some notice of the character of the material possessed. State v. Gann, 154 Ohio App.3d 170,2003-Ohio-4000, at ¶ 45, citing State v. Young (1988), 37 Ohio St.3d 249,253, reversed on other grounds by Osborne v. Ohio (1990), 495 U.S. 103,110 S.Ct. 1691.
 {¶ 13} The state presented evidence that appellant told police that he owned and used a computer in his home. Police testified that they determined that only appellant and his mother lived in the house.
 {¶ 14} The law enforcement officer who completed a digital evidence recovery from the seized computer testified that a screen name that law enforcement knew appellant used was found on this particular computer's hard drive. The officer testified that the material that formed the basis of the charges was found in specific directories in the computer, along with "thousands of child pornography and pornographic images."
 {¶ 15} The officer testified that a computer user must create the directories in which the materials were found, and that affirmative action must be taken to save the material into these directories. The officer stated that the materials could not be unintentionally placed in these directories when surfing on the Internet. The officer indicated that the names of the directories in question included the letters "djb," which are also appellant's initials. The officer noted that at least one of the images at issue was placed in more than one of these user-created directories.
 {¶ 16} After reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found beyond a reasonable doubt that appellant recklessly possessed the material in question. SeeState v. Young, 37 Ohio St.3d at 253-254 (state may prove a defendant's notice as to the material nature or character by the possession of a massive amount of such material or the obviousness of the character of the material); see State v. Jenks, 61 Ohio St.3d at 272-273
(circumstantial evidence has the same probative value as direct evidence and is sufficient to prove the elements in a criminal case).
 {¶ 17} Appellant next argues that the charges should be dismissed because the state failed to prove that the children used in the photographs were real children. In support of his argument, appellant asserts that there is a lack of evidence that the photographs in question are not collages of body parts or images altered in some way.
 {¶ 18} The officer analyzing the computer testified that the photographs offered into evidence were printouts of the images he retrieved from the computer hard drive. The officer admitted that he had not determined whether these images had been altered or whether the images represented collages of body parts. However, the officer testified that none of the photographs introduced contained virtual child pornography. See, e.g., Ashcroft v. Free Speech Coalition (2002),535 U.S. 234, 122 S.Ct. 1389 (provisions of federal statute unconstitutional when they banned range of sexually explicit images sometimes called "virtual child pornography" that appear to depict minors or conveys the impression of depicting minors, but were produced by means other than using real children).
 {¶ 19} When the trier of fact is capable of reviewing the evidence to determine whether the prosecution met its burden to show that the images depict real children, the state is not required to present any additional evidence or expert testimony to meet the burden of proof to show that the images downloaded depicted real children. United States v. Slanina
(C.A.5, 2004), 359 F.3d 356, 357; United States v. Kimler (C.A.10, 2003), 335 F.3d 1132, 1142; United States v. Vig, (C.A.8, 1999),167 F.3d 443, 449; State v. Steele, Butler App. No. CA2003-11-276, 2005-Ohio-943.
 {¶ 20} Ashcroft v. Free Speech Coalition did not establish a broad, categorical requirement that, absent direct evidence of identity, an expert must testify that the unlawful image is that of a real child.United States v. Farrelly (C.A.6, 2004), 389 F.3d 649, 655. Triers of fact are still capable of distinguishing between real and virtual images, and admissibility remains within the province of the sound discretion of the trial judge. Id.[3]
 {¶ 21} We are mindful of appellant's arguments concerning altered images and have reviewed the photographs in question, as the trial court indicated that it did so. After reviewing the evidence for a sufficiency determination in the light most favorable to the state, any rational trier of fact could have found beyond a reasonable doubt that the children in the materials admitted were actual children. See State v.Gann, 2003-Ohio-4000, at ¶ 41-42 (photographs that form the basis for the charges speak for themselves in reference to whether subjects in photos were actual persons under the age of 18). See, also, Cobb v.Coplan (Dec. 8, 2003), D.New Hampshire No. Civ.03-017-M ("collages" included the faces and bodies of adults and children juxtaposed, and where these collages involved actual children, it implicated the interest in protecting actual children, and based, in part, upon "dicta" inAshcroft v. Free Speech Coalition,[4] court found that these type of collages would not be protected by the First Amendment).
 {¶ 22} Appellant's first assignment of error is overruled.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "The trial court erred to the prejudice of defendant-appellant when it admitted certain photographs into evidence."
 {¶ 25} Appellant argues that the trial court should not have admitted the photographs in question because they were not properly authenticated. Proper authentication, appellant argues, was proof that the photographs were of real children.
 {¶ 26} The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid.R. 901(A). Evid.R. 901(B)(9) states that "[e]vidence describing a process or system used to produce a result and showing that the process or system produces an accurate result" is one example of authentication conforming to the requirements of the rule. State v.Cook, 149 Ohio App.3d 422, 2002-Ohio-4812, at ¶ 23.
 {¶ 27} To properly authenticate photographs, the proponent need only produce testimony from someone with knowledge to state that the photographs represent a fair and accurate depiction of the actual item at the time the picture was taken. State v. Hundley (Oct. 12, 1998), Clermont App. No. CA98-03-022.
 {¶ 28} The admission of evidence, including photographic evidence, is left to the trial court's sound discretion. State v. Cook,
149 Ohio App.3d at ¶ 22.
 {¶ 29} The law enforcement officer testified that the photographs offered into evidence were "printouts of digital images that I recovered from the Bettis computer." The officer described how he obtained the computer hard drive, found the material in specific computer directories, and retrieved the material from those directories on the hard drive and produced the photographs from the images.
 {¶ 30} We disagree with appellant's assertions that the state was required to prove the photographs were actual children before the photographs were admitted for consideration by the trier of fact. As we previously noted from United States v. Farrelly, 389 F.3d at 655, triers of fact are still capable of distinguishing between real and virtual images, and admissibility remains within the province of the sound discretion of the trial judge.
 {¶ 31} Reviewing the record, we find that the photographs were properly authenticated and the trial court did not abuse its discretion in permitting their admittance as evidence. Appellant's second assignment of error is overruled.
 {¶ 32} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] We note that upon review of this assignment of error, it is evident that the "two counts" to which appellant is referring are the two crimes for which he was charged with multiple counts.
[2] None of the exceptions noted in either statute was asserted here.
[3] The Farrelly court noted at p. 654 that the decision of UnitedStates v. Hilton (C.A.1, 2004), 363 F.3d 58, which was cited by appellant as supplemental authority, was withdrawn and the decision on rehearing made no mention of its withdrawn opinion requiring expert evidence to prove that the children in images are real. See United States v. Hilton
(C.A.1, 2004), 386 F.3d 13.
[4] Ashcroft v. Free Speech Coalition, 535 U.S. at 242.