OPINION
{¶ 1} Defendant-appellant, Terrilyn Hafer, appeals the criminal sentence she received after pleading no contest to a third driving under the influence offense. We affirm the sentence entered by the trial court on March 3, 2005 and vacate the entries filed on April 26, 2005 that modified the original sentence.
 {¶ 2} On November 11, 1992, appellant was arrested and charged with driving under the influence of alcohol in Mason, Ohio, in violation of Mason Municipal Code 333.01. It was her third offense. She failed to appear for her arraignment and a bench warrant was issued. Appellant was arraigned in March 1993, but failed to appear for her trial scheduled on March 30, 1993. Another bench warrant was issued.
 {¶ 3} In February 2005, appellant was arraigned for a third time. She pleaded no contest to the DUI charge and was found guilty. On March 3, 2005, appellant was sentenced to 270 days of incarceration, 240 of which were suspended subject to compliance with the terms of her community control. She was originally to be committed to the Warren County Jail on March 29, 2005, but she was refused admittance because the jail was full. The following day, appellant moved the trial court to dismiss the charge, withdraw her guilty plea, grant a jury trial, and grant discovery. A hearing was held on April 26, 2005.
 {¶ 4} At the hearing, the trial court denied appellant's motions. Appellant alleged that she had contacted the jail on several occasions by telephone and was told that the jail could not accommodate her due to her medical needs. The trial court filed multiple entries with handwritten notations that day.
 {¶ 5} One entry, filed on April 26, 2005, 2:21 p.m. ("Entry 1"), states the following:
 {¶ 6} "It has come to the attention of this court that the Warren County Jail is unable to accommodate Ms. Hafer in the jail due to space and medical considerations. Ms. Hafer has a medical condition which requires numerous medications and devices which must be administered on a stringent schedule which the Jail is unable to accommodate, it is represented by counsel fordefendant. [handwritten]
 {¶ 7} "For good cause shown, Ms. Hafer [sic] sentence is herby [sic] modified to house arrest, upon notice to the courtthat the Warren County Jail is not going to commit her norsend her to an adjacent county jail facility as permitted by lawnor accomodate [sic] her medical conditions." [handwritten] (Emphasis in original.)
 {¶ 8} Also handwritten, on the bottom of the page, and designated by a line connecting the previous handwritten portion, was the following:
 {¶ 9} "Judgment Nunc Pro Tunc 3:06 p.m.
 {¶ 10} "If not committed to jail then electronic monitoringin lieu." [handwritten]
 {¶ 11} A second entry, with the same exact time stamp designating that the entry was filed on April 26, 2005 at 2:21 p.m. ("Entry 2"), states the following:
 {¶ 12} "This matter came before the court on April 26, 2005 for a written motion filed by the Defense Attorney seeking reconsideration of sentence based on rejection by the jail due to medical issues. The court could not grant the relief sought, the sentence imposed was a mandatory sentence unless counsel agreeto such resolution."[1] [handwritten]
 {¶ 13} Appellant reported to the Warren County Jail to receive an electronic monitoring device, but while there, officials at the jail informed appellant that there was indeed space for her at the jail, and that they could accommodate her medical needs. Appellant's counsel again appeared before the trial court and argued that it was within the court's discretion to order the house arrest.
 {¶ 14} The trial court found that the alternative house arrest sentence in Entry 1 was conditioned upon notification from the Warren County Jail that it could not accommodate appellant. After being told that the jail was able to accommodate appellant, the trial court explained its belief that the original 30-day sentence was within the statutory guidelines, and asked counsel for statutory provisions that would allow it to rule differently. No information was provided, and the original 30-day term of confinement remained appellant's sentence.
 {¶ 15} Appellant objected and the court stayed appellant's 30-day sentence pending appeal. Appellant was released on her own recognizance conditioned upon a 30-day period of electronically monitored house arrest. Appellant now appeals the 30-day jail sentence raising four assignments of error.
 {¶ 16} Assignment of Error No. 1:
 {¶ 17} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT CHANGED THE SENTENCE FOR DEFENDANT AFTER FILING AN ENTRY FOR HOUSE ARREST IN LIEU OF INCARCERATION."
 {¶ 18} In the first assignment of error, appellant argues that the trial court erred when it modified Entry 1 with the handwritten judgment nunc pro tunc that made the alternative house arrest contingent upon receiving notice from the jail that it would unable to accommodate appellant. Appellant claims that her sentence was executed and thus beyond modification when she appeared at the Warren County Jail to receive an electronic monitoring device for house arrest.
 {¶ 19} Criminal procedure in Ohio is regulated entirely by statute. Mun. Court. of Toledo v. State ex rel. Platter (1933),126 Ohio St. 103, paragraph one of the syllabus. The General Assembly has plenary power to prescribe crimes and fix penalties.State v. Morris (1978), 55 Ohio St.2d 101, 112.
 {¶ 20} Former R.C. 4511.19 prohibited a person from operating a vehicle while under the influence of alcohol.[2] Former R.C. 4511.99(A)(3)(a) required that an offender with two previous offenses related to driving under the influence of alcohol be sentenced to a term of incarceration of 30 consecutive days. The court may sentence such an offender to serve up to one year in jail. The statute offered as an alternative to the 30 days incarceration that "the court may impose upon the offender a sentence consisting of both a term of imprisonment of fifteen consecutive days and not less than fifty-five consecutive days of electronically monitored house arrest * * * not to exceed one year." R.C. 4511.99(A)(3)(a).
 {¶ 21} R.C. 4511.99(A)(8) required, in pertinent part, the following before imposing the alternative sentence:
 {¶ 22} "No court shall impose the alternative sentence * * * of a term of imprisonment of fifteen consecutive days plus not less than fifty-five consecutive days of electronically monitored house arrest permitted to be imposed pursuant to division (A)(3) of this section, unless both of the following conditions apply:
 {¶ 23} "(a) The offense for which the offender is sentence occurs prior to July 1, 1993.
 {¶ 24} "(b) Within sixty days of the date of sentencing, the court issues a written finding, entered into the record, that due to the unavailability of space at the incarceration facility where the offender is required to serve the term of imprisonment imposed upon him, the offender will not be able to commence serving his term of imprisonment within the sixty-day period following the date of sentencing. If the court issues such a finding, the court may impose the alternative sentence comprised of a term of imprisonment and a term of electronically monitored house arrest permitted to be imposed by division (A)(2) or (3) of this section."
 {¶ 25} Without determining whether the judgment nunc pro tunc was properly entered, we find that Entry 1, both with and without the modification, is contrary to law. Pursuant to R.C.4511.99(A)(3)(a), the penalty for a third offense of driving under the influence is a mandatory 30 days of incarceration with an upward deviation of up to one year. The trial court did not have statutory authority to modify the 30-day sentence of incarceration to 30 days of electronically monitored house arrest. The statute provided for an alternative sentence consisting of a reduced incarceration term of 15 days, with a minimum 55-day period house arrest. The trial court's Entry 1, as signed at 2:21 p.m. and with the handwritten "judgment nunc pro tunc" at 3:06 p.m., fails to comply with both of the statutorily provided terms of 15 consecutive days incarceration and the minimum 55 days of house arrest.
 {¶ 26} Furthermore, the trial court did not meet the conditions of R.C. 4511.99(A)(8)(b). The trial court issued a statutorily unauthorized modification of appellant's mandatory sentence, and made it contingent upon notification from the jail that it would be unable to accommodate appellant. Subsection (b) required the court to issue a written finding that due to space constraints, an offender would not be able to begin serving the term of imprisonment within the 60-day period following the date of sentencing. Entry 1 therefore did not comport with the statutorily-mandated sentence or alternative sentence permitted by R.C. 4511.99.
 {¶ 27} We also find that Entry 2 is contrary to law. The entry states, "The court could not grant the relief sought, the sentence imposed was a mandatory sentence unless counsel agree to such resolution." As the court correctly noted, the 30-day sentence is mandatory penalty for a third DUI offense. The court, however, had no statutory authority to alter this sentence on the basis of what may or may not have been agreed to by trial counsel.[3] R.C. 4511.99(A)(3)(a) stated that "the courtshall sentence the offender to a term of imprisonment of thirty consecutive days" (Emphasis added.) and only provided an alternative pursuant to division (A)(8).
 {¶ 28} Because Entry 1, as written and with the handwritten judgment nunc pro tunc, and Entry 2 are contrary to law, the first assignment of error, concerning whether the trial court erred when it modified Entry 1, is moot. Entry 1 and Entry 2 are both void. We find the trial court's original entry on March 3, 2005 sentencing appellant to 30 days is proper and in compliance with R.C. 4511.19 and R.C. 4511.99(A)(3).
 {¶ 29} Assignment of Error No. 2:
 {¶ 30} "THE TRIAL COURT SENTENCE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT BECAUSE A THIRTY-DAY STAY IN JAIL WILL IRREPARABLY HARM DEFENDANT-APPELLANT'S FRAGILE HEALTH."
 {¶ 31} Assignment of Error No. 3:
 {¶ 32} "THE TRIAL COURT FAILED TO PROPERLY WEIGH THE CHARACTERISTICS OF THE DEFENDANT-APPELLANT WHEN PASSING SENTENCE, HENCE CERTAIN PORTIONS OF THE SENTENCE ARE EXCESSIVE AND MUST BE MODIFIED TO THE PARTICULAR CIRCUMSTANCES OF THE DEFENDANT-APPELLANT AND THE NATURE OF THE CRIME."
 {¶ 33} In the second and third assignments of error, appellant argues that a 30-day jail sentence constituted cruel and unusual punishment contrary to the Eighth andFourteenth Amendments to the United States Constitution and Section 9, Article I of the Ohio Constitution. Appellant claims that the trial court failed to consider R.C. 2935.33(B), which allows outpatient services and part-time release for alcoholics and intoxicated persons in lieu of incarceration.
 {¶ 34} The Eighth Amendment has been invoked to prohibit punishment that is disproportionate to the crime committed. SeeState v. Weitbrecht, 86 Ohio St.3d 368, 1999-Ohio-113. The Ohio Supreme Court explained, "cases in which cruel and unusual punishment have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person. * * * [T]he penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." Id. at 371 (Internal citations omitted.).
 {¶ 35} In the case at bar, we first note that appellant's sentence falls within the terms of the applicable sentencing statute. In fact, appellant's sentence is the minimum, mandatory term pursuant to R.C. 4511.99 for a third DUI offense. The statute allows a maximum term of up to one year.
 {¶ 36} Appellant argues that officials at the Warren County jail made representations that they were unable to provide the necessary medical assistance to accommodate appellant's health issues. After reviewing the record, we find that other than appellant's representations, the record fails to support the contention that the jail was unable to accommodate appellant's medical needs.
 {¶ 37} The improper Entry 1 conditioned electronically monitored house arrest upon receiving notice that the jail would be unable to accommodate appellant or her medical needs. However, with a medical administrator available, the jail accepted appellant. We find no evidence that this sentence shocks the sense of justice of the community.
 {¶ 38} Appellant contends that the trial court failed to consider R.C. 2935.33(B) when it imposed the sentence of incarceration. R.C. 2935.33(B) states:
 {¶ 39} "If it appears to a judge at the time of sentencing for a violation of [driving while under the influence of alcohol offense, among others,] that the person convicted is an alcoholic or is suffering from acute alcohol intoxication and that, in lieu of imprisonment, the person would benefit from services provided by an alcohol and drug addiction program * * *, the court may commit the person to close supervision in any facility in the area in which the court has jurisdiction that is, or is operated by, such program. * * * Such supervision may include outpatient services and part-time release, except that a person convicted of a violation of division (A) of section 4511.19 of the Revised Code shall be confined to the facility for at least three days * * *."
 {¶ 40} Appellant's argument fails to recognize that the Ohio Supreme Court has held that "trial courts are precluded from exercising [discretion under R.C. 2935.33(B) to impose a three-day sentence at a qualified treatment facility in lieu of imprisonment] with regard to multiple offenders under R.C.4511.99(A)(2) and (3)." State v. Johnson (1986),23 Ohio St.3d 127, 131. The three-day commitment of an alcoholic for inpatient care was only applicable as an alternative to the three-day sentence under R.C. 4511.99(A)(1). It was not an available nor a logical substitute for the statutory minimum sentences of ten and 30 consecutive days of confinement for persons with multiple offenses.
 {¶ 41} We find the 30-day sentence did not constitute cruel and unusual punishment. The trial court stated that it considered the purposes of misdemeanor sentencing and the factors used to determine whether to impose incarceration. Allegations that the Warren County Jail is unable to provide for appellant's medical needs are unsupported by the record. Accordingly, the second and third assignments of error are overruled.
 {¶ 42} Assignment of Error No. 4:
 {¶ 43} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT GRANT DEFENDANT-APPELLANT'S MOTION TO DISMISS THEREBY CAUSING APPELLANT'S FREEDOM TO BE UNREASONABLY AND UNLAWFULLY RESTRICTED."
 {¶ 44} In the fourth assignment of error, appellant argues that the trial court erred when it overruled appellant's motion to dismiss. She claims that her right to a speedy trial as provided by the Sixth and Fourteenth Amendments to the United States Constitution was violated when the trial court did not attempt to arrest her between April 1, 1993 and February 3, 2005.
 {¶ 45} In order to challenge a charged offense on speedy trial grounds, a defendant must file a motion to dismiss prior to trial. Crim.R. 12(C)(1). A failure to raise a defense or objection that must be made prior to trial waives the defense or objection. Crim.R. 12(H). See State v. Grant, Butler App. No. CA2003-05-114, 2004-Ohio-2810.
 {¶ 46} In the case at bar, appellant did not raise her speedy trial defense until her March 30, 2005 motion to dismiss. However, she pleaded no contest on February 24, 2005 and was found guilty of the charge. The trial court sentenced appellant on March 3, 2005. Appellant attempted to withdraw her plea, but the motion was denied at the April 26, 2005 hearing. Her motion to dismiss after sentencing was not timely made.
 {¶ 47} Even if appellant had raised her speedy trial defense prior to trial, her argument fails. Under R.C. 2945.71, a person charged with a misdemeanor of the first or second degree shall be brought to trial within 90 days after arrest. R.C. 2945.71(B)(2). The time within which an accused must be brought to trial may be extended by "[a]ny period of delay occasioned by the neglect or improper act of the accused." R.C. 2945.72(D).
 {¶ 48} In the case at bar, the more than 12-year delay was the direct result of appellant's failure to appear on two separate occasions. Appellant's offense was committed on November 11, 1992. She was originally scheduled for arraignment on November 17, 1992 but she failed to appear. The state is charged with six days. Her failure to appear is a tolling event. She was located and arraigned a second time on March 16, 1993, but again failed to appear for her March 30, 1993 trial. A total of 20 days are charged to the state.
 {¶ 49} A bench warrant was issued on April 1, 1993 and appellant's whereabouts remained unknown until served on February 3, 2005. Appellant entered her no contest plea on February 24, 2005. The state is charged with 41 total days, well within the 90-day limit. The fourth assignment of error is overruled.
 {¶ 50} Accordingly, the judgment is affirmed as modified. We vacate the trial court's Entry 1 and Entry 2 of April 26, 2005 as being contrary to law. We affirm the 30-day sentence of incarceration imposed on March 3, 2005.
Powell, P.J., and Walsh, J., concur.
[1] It is unclear whether this handwritten modification was made at the same time as the handwritten "judgment nunc pro tunc" at 3:06 p.m. on Entry 1. Absent any indication in the record otherwise, we shall presume the modification and signatures were executed at 2:21 p.m. as designated by the time stamp.
[2] We shall refer to the applicable 1992 version of Title 45 of the Revised Code. The penalties portion concerning previous offenses in Former R.C. 4511.99 can now be found within R.C.4511.19 with some minor changes that are not pertinent to this case.
[3] The handwritten "unless counsel agree to such resolution" Entry 2 is particularly confusing in light of the trial court's own comments at the April 26 hearing. In response to appellant's counsel's suggestion that the parties had reached an agreement to modify the jail term to electronically monitored house arrest, the trial court replied, "I don't care what counselor agrees, [sic] whether you agree that I can abrogate the statutes of the State of Ohio. I'm not going to let the two of you to tell me not to follow the law — respectfully, okay."