OPINION
{¶ 1} Defendant-appellant, David L. Harrison, appeals his conviction in the Madison County Court of Common Pleas on multiple charges arising out of his compilation of digital images portraying nude minors, including minors engaged in various sexual acts. For the reasons set forth below, we affirm appellant's conviction.
 {¶ 2} The present case is the derivative of a previous criminal case in Auglaize County involving appellant. On June 17, 2003, appellant was charged under a six-count bill of information in Auglaize County Court of Common Pleas case number 03-CR-083. The *Page 2 
charges were filed after the Wapakoneta Police Department discovered a running tape recorder in a women's locker room, which was later identified as belonging to appellant, the chief of police at the time. Appellant resigned following the discovery of the tape recorder. A subsequent investigation, including a search of appellant's office and home, resulted in the discovery of a number of digital images portraying child pornography. Such images were contained on appellant's home, office and laptop computers, as well as a floppy disk found in appellant's office.
 {¶ 3} The charges filed against appellant in case number 03-CR-083 included the following: one second-degree misdemeanor count of obstructing official business, in violation of R.C. 2921.31(A); three fifth-degree felony counts of unauthorized use of a computer, in violation of R.C. 2913.04(B); one fourth-degree felony count of pandering obscenity involving a minor, in violation of R.C.2907.321(A)(5); and one fifth-degree felony count of pandering obscenity, in violation of R.C. 2907.32(A)(5).
 {¶ 4} After accepting appellant's pleas of guilty to all such charges, the trial court sentenced appellant to a total of one year in prison, as well as a discretionary three-year period of postrelease control. Neither party appealed the trial court's judgment.
 {¶ 5} During his term of incarceration, appellant petitioned the trial court for judicial release, which the trial court denied on November 12, 2003. The trial court, however, modified appellant's sentence to allow him to serve the remainder of his incarceration in the Auglaize County Jail, rather than the Department of Corrections, due to safety concerns. Appellant thereafter served the remainder of his prison term and was released from jail. Appellant, however, was not placed on postrelease control by the Adult Parole Authority ("APA") at that time.
 {¶ 6} On February 18, 2005, the state moved to resentence appellant because the court had erroneously sentenced him to discretionary rather than mandatory postrelease *Page 3 
control.[1] The trial court granted the state's motion, and scheduled a resentencing hearing for March 29, 2005. On March 25, 2005, appellant filed a complaint for a writ of prohibition with the Third District Court of Appeals, arguing the trial court lacked jurisdiction to resentence him because his journalized sentence had been completed. The Third District denied appellant's complaint on March 31, 2005, finding the trial court did not "patently and unambiguously" lack jurisdiction to resentence him, and that appellant possessed adequate legal remedies.Harrison v. Steele, Auglaize App. No. 2-05-14, 2005-Ohio-1608, ¶ 6.
 {¶ 7} Accordingly, the trial court held a resentencing hearing on March 29, 2005, during which it allowed appellant to withdraw his guilty plea. The state subsequently dismissed the case without prejudice on May 5, 2005.
 {¶ 8} On June 23, 2005, an Auglaize County grand jury issued a 23-count indictment based upon the incident giving rise to appellant's prosecution in case number 03-CR-083, charging appellant with the following offenses: two fifth-degree felony counts of unauthorized use of a computer, in violation of R.C. 2913.04(B); one third-degree felony count of theft in office, in violation of R.C. 2921.41(A)(1); one fourth-degree felony count of criminal trespass, in violation of R.C.2911.21(A)(1)/(2); three fifth-degree felony counts of pandering obscenity, in violation of R.C. 2907.32(A)(1); 15 second-degree felony counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1); and one third-degree felony count of tampering with evidence, in violation of R.C.2921.12(A)(1).
 {¶ 9} Appellant was granted a change of venue to Madison County, and *Page 4 
subsequently entered pleas of not guilty to all charges. A jury trial commenced on March 6, 2006, at the conclusion of which appellant was found guilty of 18 of the 23 counts set forth in the indictment, including illegal use of a minor in nudity-oriented material or performance.[2] On May 5, 2006, appellant filed a motion to dismiss, alleging his prosecution was barred by double jeopardy principles. The Madison County trial court denied appellant's motion as untimely and for want of proof on June 26, 2006. Appellant was later sentenced to six years in prison, and designated a sexually-oriented offender.
 {¶ 10} Appellant now appeals his conviction, advancing ten assignments of error.
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "THE COURT ERRED DENYING [APPELLANT'S] MOTION TO DISMISS[.]"
 {¶ 13} Appellant advances three arguments in support of his first assignment of error that the trial court erred in denying his postconviction motion to dismiss. First, appellant contends the Auglaize County Common Pleas Court in case number 03-CR-083 lacked subject-matter jurisdiction to permit him to withdraw his guilty plea after his journalized sentence had been completed. Accordingly, appellant argues his original guilty plea remained in effect such that his prosecution in this case violated double jeopardy principles. Second, appellant contends the trial court erred in denying his motion to dismiss, wherein appellant raised said double jeopardy argument, as untimely and for want of proof. Appellant also argues that even if the motion to dismiss was untimely, the alleged double jeopardy violation in this case constitutes plain error that can be remedied on appeal. Third, appellant contends that if his motion to dismiss was untimely, resulting in a waiver of his double jeopardy argument, his trial counsel was ineffective for failing to timely raise the defense. We find appellant's arguments without merit. *Page 5 
 {¶ 14} As this court has previously held, "jeopardy attaches upon acceptance of a guilty plea." State v. Strange (1990),70 Ohio App.3d 338, 340; State v. Turpin (Dec. 31, 1986), Warren App. No. CA86-02-014, at 9-10. See, also, United States v. Cruz (C.A.1, 1983), 709 F.2d 111,112-113; United States v. Hecht (C.A.3, 1981), 638 F.2d 651, 657;United States v. Sanchez (C.A.5, 1980), 609 F.2d 761, 762. Here, the parties do not dispute that the Auglaize County trial court permitted appellant to withdraw his previously-entered guilty plea to all charges in the six-count bill of information in case number 03-CR-083 on March 29, 2005. This plea withdrawal effectively removed any jeopardy that attached with the court's acceptance of appellant's guilty plea, and as a result, appellant's arguments in this case premised upon double jeopardy are without merit. See Strange. See, also, United States exrel. Betts v. County Court for LaCrosse County, Branch II (C.A.7, 1974),496 F.2d 1156, 1157.
 {¶ 15} Moreover, appellant's arguments challenging the propriety of the Auglaize County trial court's acceptance of appellant's plea withdrawal, including any argument concerning the court's jurisdiction to hold a resentencing hearing on the matter of postrelease control, are not properly before this court. This court has not been provided with a transcript of any of the proceedings in Auglaize County Court of Common Pleas case number 03-CR083, and therefore, must presume the validity of the lower court's proceedings. See State v. Pirpich, Warren App. No. CA2006-07-083, 2007-Ohio-6745, ¶ 6. Further, the Third District Court of Appeals denied appellant's complaint for a writ of prohibition, wherein appellant raised the jurisdictional issue concerning resentencing, on March 31, 2005. Harrison, 2005-Ohio-1608. Neither party appealed the Third Appellate District's decision, or the Auglaize County trial court's decision permitting appellant to withdraw his guilty plea during the resentencing hearing. As a result, the jurisdictional issue concerning the resentencing hearing is barred by principles of res judicata and the law of the case doctrine. See State v. *Page 6 
 Martin, Montgomery App. No. 21697, 2007-Ohio-3585, ¶ 3; State v.Griffin, Montgomery App. No. 21578, 2007-Ohio-2099, ¶ 12; State v.White (Oct. 17, 1991), Clark App. No. 2787, *2.
 {¶ 16} Based upon the foregoing, we find the trial court did not err in denying appellant's motion to dismiss for want of proof because appellant has no proof of double jeopardy. For this reason there also can be no ineffective assistance of counsel for failing to timely file the motion, because there is no prejudice. See Strickland v.Washington (1984) 466 U.S. 668, 687, 104 S.Ct. 2052.
 {¶ 17} As to the timeliness of the motion, the decision to grant or deny an untimely motion pursuant to Crim.R. 12 is a matter within the trial court's discretion. State v. Linnik, Madison App. No. CA2004-06-015, 2006-Ohio-880, ¶ 33-34; State v. Burkhardt (Jan. 24, 1996), Summit App. No. 17223, 1996 WL 28167 at *2. We find no abuse of discretion in denying the motion on the basis it was untimely filed.
 {¶ 18} Appellant's first assignment of error is therefore overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE COURT ERRED DENYING [APPELLANT'S] MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION[.]"
 {¶ 21} In his second assignment of error, appellant argues the trial court erred in denying his motion to dismiss on the basis his prosecution in this case violated his speedy trial rights. This court, however, has previously held that "[i]n order to challenge a charged offense on * * * speedy trial grounds, a defendant must file a motion to dismiss prior to trial." State v. Grant, Butler App. No. CA2003-05-114, 2004-Ohio-2810, ¶ 9, citing Crim.R. 12(C)(1). A defendant's failure to do so waives the speedy trial defense. Id., citing Crim.R. 12(H).
 {¶ 22} Moreover, the decision to grant an untimely motion pursuant to Crim.R. 12 is a matter within the trial court's discretion. State v.Linnik, 2006-Ohio-880, ¶ 33-34; State v. Burkhardt, 1996 WL 28167 at *2. An appellate court will not reverse a trial court's decision *Page 7 
concerning such matters absent an abuse of discretion. Linnik at ¶ 34. "[A]n abuse of discretion `connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id., quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 23} In this case, the record demonstrates that appellant failed to challenge his indictment and prosecution through a pretrial motion to dismiss. Rather, the record indicates appellant requested a dismissal of this case on speedy trial grounds in one sentence of his untimely postconviction motion to dismiss. The motion had no argument or citation to supporting law.[3] Such motion was filed on May 5, 2006, several weeks after the jury found appellant guilty of 18 of 23 counts set forth in the indictment. As the record demonstrates that appellant offered the trial court no justification for the delay in raising the speedy trial issue, we find no abuse of discretion in the trial court's decision to deny the motion as untimely pursuant to Crim.R. 12. Accordingly, we find appellant has waived the right to challenge the alleged error concerning speedy trial on appeal. Id. See, also, State v. Hafer, Warren App. No. CA2005-05-061, 2006-Ohio-2140, ¶ 45-46. Appellant's second assignment of error is therefore overruled.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "COURT (SIC) ERRED PERMITTING IRRELEVANT AND UNFAIRLY PREJUDICIAL SPECULATIVE TESTIMONY[.]"
 {¶ 26} In his third assignment of error, appellant argues the trial court erred in permitting the testimony of police dispatcher, Denise Kohler, concerning her discovery of a running tape recorder in the women's locker room of the police department. Appellant contends such testimony was irrelevant and unfairly prejudicial, and therefore, should have *Page 8 
been excluded pursuant to Evid.R. 403.
 {¶ 27} "Trial courts have broad discretion in determining the relevance or irrelevance of evidence." State v. Sanders,92 Ohio St.3d 245, 259, 2001-Ohio-189. In addition, "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court."State v. Skatzes, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 107. "`Evid.R. 403 speaks in terms of unfair prejudice. Logically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid.R. 403 prohibits.'" Id., quoting State v. Wright (1990), 48 Ohio St.3d 5, 8.
 {¶ 28} Here, the record indicates that Kohler testified regarding her discovery of the subject tape recorder in the women's locker, which was later found to belong to appellant. Such discovery prompted the subsequent investigation into appellant's alleged illegal activities at work giving rise to the charges in this case. Accordingly, we cannot say that the trial court abused its discretion in admitting such testimony as relevant to the underlying charges in this case. Moreover, we note that appellant has failed to demonstrate any prejudice resulting from the alleged error in the admission of such testimony, in light of the other evidence presented at trial. Accordingly, we find no error in the trial court's decision admitting the testimony of Denise Kohler. Appellant's third assignment of error is therefore overruled.
 {¶ 29} Assignment of Error No. 4:
 {¶ 30} "THE SEXUAL OFFENDER CLASSIFICATION STATUTE IS UNCONSTITUTIONAL[.]"
 {¶ 31} In his fourth assignment of error, appellant argues R.C.2950.09 is unconstitutional pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, because it requires judicial fact-finding before the imposition of a sentence. Appellant argues that because the sexual offender hearing pursuant to this section occurs "prior to or during *Page 9 
sentencing," exposing a trial judge to "inadmissible evidence and testimony," the procedure "violates the spirit of the Foster decision."
 {¶ 32} In Foster, the Ohio Supreme Court held that certain statutory provisions requiring judicial fact-finding before the imposition of a greater than minimum sentence violated a defendant's Sixth Amendment right to a trial by jury. Id. at ¶ 82-83. As R.C. 2950.09 is civil in nature, rather than punitive, however, Foster is inapplicable to such legislation. State v. Cook, 83 Ohio St.3d 404, 417, 1998-Ohio-291. In addition, contrary to appellant's assertion, R.C. 2950.09 does not require judicial fact-finding before a court may impose a greater than minimum sentence pursuant to R.C. 2929.14 and R.C. 2929.19. Accordingly, we find appellant's argument as to the constitutionality of R.C. 2950.09
without merit. Appellant's fourth assignment of error is therefore overruled.
 {¶ 33} Assignment of Error No. 5:
 {¶ 34} "COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT AND THE COURT ERRED IN ADMITTING TESTIMONY WITHOUT PROPER AUTHENTICATION[.]"
 {¶ 35} Assignment of Error No. 6:
 {¶ 36} "INEFFECTIVE ASSISTANCE OF COUNSEL"
 {¶ 37} Assignment of Error No 7:
 {¶ 38} "COUNSEL WAS INEFFECTIVE (SIC) FAILING TO FILE SEVERAL PRE-TRIAL MOTIONS SUBSTANTIALLY AFFECTING [APPELLANT'S] CONSTITUTIONAL RIGHTS[.]"
 {¶ 39} In his fifth, sixth and seventh assignments of error, appellant argues his trial counsel was ineffective in failing to object to the state's presentation of digital photographs and electronic mail, and in failing to file various pretrial motions to dismiss. As the same legal standard applies to all such claims, we address them together.
 {¶ 40} To establish a claim for ineffective assistance of counsel, a defendant must *Page 10 
demonstrate his trial counsel was deficient, and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.
 {¶ 41} In evaluating a claim for ineffective assistance of counsel, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689, quoting Michel v. Louisiana (1955), 350 U.S. 91,101, 76 S.Ct. 158. Significantly, Ohio courts have found that "decisions regarding what stipulations should be made, what evidence is to be introduced, what objections should be made, and what pretrial motions should be filed, primarily involve trial strategy and tactics."State v. Cline, Franklin App. No. 05AP-869, 2006-Ohio-4782, ¶ 22, citingState v. Edwards (1997), 119 Ohio App.3d 106.
 {¶ 42} "When reviewing whether an appellant has met [his] burden, we need not determine whether counsel's performance was deficient before examining whether there was prejudice to the defense. If it is clear that the defense was not prejudiced by a claimed error, a court should dispose of an ineffectiveness claim on the basis of lack of sufficient prejudice." State v. Steele, Butler App. No. CA2003-11-276,2005-Ohio-943, ¶ 89, citing State v. Bradley (1989), 42 Ohio St.3d 136,143.
 Admission of Photographs and E-mail {¶ 43} Appellant first contends his trial counsel was ineffective in failing to object to the admission of unauthenticated digital images. In so arguing, appellant contends the testimony of the state's expert, Dr. Hany Farid, was insufficient to authenticate the digital images *Page 11 
offered by the state, and that such testimony concerning the photographs should have been excluded pursuant to Daubert v. Merrell DowPharmaceuticals, Inc. (1993), 509 U.S. 579, 113 S.Ct. 2786.
 {¶ 44} As an initial matter, the admission of evidence, including photographic evidence, is a matter within the trial court's sound discretion. State v. Bettis, Butler App. No. CA2004-02-034,2005-Ohio-2917, ¶ 28, citing State v. Cook, 149 Ohio App.3d 422,2002-Ohio-4812, ¶ 22. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). Pursuant to Evid.R. 901(B)(9), "[e]vidence describing a process or system used to produce a result and showing that the process or system produces an accurate result" is one example of authentication conforming to the requirements of the rule. Id. at ¶ 26.
 {¶ 45} To properly authenticate photographs, the proponent need only produce testimony from someone with knowledge to state that the photographs represent a fair and accurate depiction of the actual item at the time the picture was taken. Id. at ¶ 27. "Triers of fact are still capable of distinguishing between real and virtual images, and admissibility remains within the province of the sound discretion of the trial judge." Id.; State v. Tooley, 114 Ohio St.3d 366, 2007-Ohio-3698, ¶ 50, 52, 53.
 {¶ 46} In this case, the state presented the testimony of Lee Lerussi and Allan Buxton to identify the photographs recovered from appellant's office and laptop computers, as well as a floppy disk found in appellant's office. These witnesses also detailed how and from where such images were retrieved. As this court found in Bettis, such testimony was sufficient to properly authenticate the photographs in question. Accordingly, defense counsel was not ineffective in failing to object to the admission of such photographs on this basis.
 {¶ 47} We note that counsel also appears to argue that Dr. Farid's testimony regarding *Page 12 
the photographs in question was insufficient to authenticate the photographs because his methodology in determining whether the images depicted real children or were computer generated was unreliable. Based upon our conclusion concerning the authentication of such photographic evidence, however, we find appellant has failed to demonstrate prejudice resulting from his trial counsel's alleged failure to challenge Dr. Farid's methodology on cross-examination. "Once evidence is properly admitted, the trier of fact decides the proper weight." Cook, 2002-Ohio-4812 at ¶ 27. As stated, the photographs were properly authenticated and admitted upon the testimony of Lerussi and Buxton. Accordingly, we find appellant's first argument regarding ineffective assistance of counsel without merit.
 {¶ 48} Appellant next contends his trial counsel was ineffective in failing to object to the admission of various printed electronic mail ("e-mail") allegedly created by appellant, on the basis the state failed to authenticate the same. Such a speculative contention that these emails "could have been" altered is insufficient to support a finding that counsel was ineffective in failing to object on this basis. SeeStrickland, 466 U.S. at 690, 693. See, also, State v. Gillingham, Montgomery App. No. 20671, 2006-Ohio-5758, ¶ 64 (finding that "vague" general assertions of ineffective assistance of counsel are insufficient to "overcome the presumption of competence that trial counsel enjoys"). Moreover, as previously stated, appellant has failed to demonstrate that the photographs contained within the suspect e-mail would not have been admitted otherwise, and therefore, has failed to demonstrate prejudice resulting from any alleged deficiency of trial counsel in this regard. Accordingly, we find appellant's ineffectiveness claim as to this issue without merit.
 {¶ 49} Appellant also contends his trial counsel was ineffective in failing to raise the issue that appellant could not be found to "possess" photographs found in the unallocated *Page 13 
space of his computer.[4] As well-established under Ohio law, however, possession may be proven by circumstantial evidence. See State v.Jenks (1991), 61 Ohio St.3d 259, 272. Here, the state presented evidence that a number of the photographs recovered were found in unallocated space of appellant's computers, providing an inference that appellant had possessed the material in question. See id. In addition, appellant has failed to demonstrate any prejudice resulting from this alleged failure, as we have already found the photographs in question were properly authenticated and admitted at trial.
 {¶ 50} Finally, appellant contends that trial counsel was ineffective in failing to object to testimony of state witness, Lee Lerussi, that "* * * technology does not exist today to create a * * * computer-generated individual," as well as testimony of Joe Corrigan concerning his analysis of appellant's office computer. In addition, appellant argues trial counsel was ineffective in attempting to use his own computer forensics expert as a digital imaging expert, and in failing to employ the services of a digital imaging expert. Appellant, however, has failed to set forth anything more than unsupported conclusions in support of these alleged errors to overcome the presumption that counsel's conduct at trial fell within the wide range of reasonable professional assistance or trial strategy. See Cline, 2006-Ohio-4782 at ¶ 22. Moreover, appellant has failed to demonstrate any prejudice resulting from counsel's alleged deficiencies. Accordingly, we find appellant's ineffectiveness claim based upon these issues without merit.
 Pretrial Motions {¶ 51} Appellant next contends his trial counsel was ineffective in failing to file various pretrial motions. First, appellant argues counsel was ineffective in failing to file motions to dismiss on the bases that R.C. 2907.322 and 2907.323 are unconstitutionally overbroad, and *Page 14 
that R.C. 2907.323 is vague. Appellant argues that "real" child pornography is indistinguishable from virtual child pornography and thus is within the ambit of these statutory provisions. We find such contentions without merit, however, as these statutory provisions have recently been upheld on such challenges. See Tooley, 2007-Ohio-3698. See, also, Osborne v. Ohio (1990), 495 U.S. 103, 110 S.Ct. 1691. Other Ohio courts have similarly found that trial counsel is not ineffective in failing to raise constitutional arguments concerning these statutes, as such statutes "`do not prohibit virtual child pornography, only pornography produced by the use of real children.'" See State v.Jackson, Stark App. No. 2005-CA-00182, 2006-Ohio-1922, ¶ 31, quotingState v. Eichorn, Morrow App. No. 02-CA-953, 2003-Ohio-3415. Appellant's ineffective assistance of counsel argument as to these issues is therefore without merit.
 {¶ 52} Second, appellant argues trial counsel was ineffective in failing to file a motion to dismiss on the basis he was denied a fair trial. Specifically, appellant argues he could not employ the assistance of experts in his defense because such experts would face potential federal charges prohibiting the possession of child pornography by participating in his defense. We find such contention without merit because the record is devoid of facts in support of this argument. Accordingly, appellant's ineffectiveness argument based upon this issue is purely speculative, and without merit.
 {¶ 53} Third, appellant argues counsel was ineffective in failing to file a motion to dismiss on the basis R.C. 2907.323 violates the prohibition against ex post facto laws. "The ex post facto prohibition forbids the Congress and the States to enact any law `which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'"Weaver v. Graham (1981), 450 U.S. 24, 28, 101 S.Ct. 960. "[T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring *Page 15 
before its enactment, and it must disadvantage the offender affected by it." Id. at 29. As R.C. 2907.323 was in effect in its present form at the time of appellant's conduct giving rise to the charges in this case, such statute does not violate ex post fact principles. See R.C.2907.323, (eff. Jul.1, 1996). Accordingly, we find appellant's ineffectiveness claim based upon this issue without merit.
 {¶ 54} Fourth, appellant argues counsel was ineffective in failing to file a motion in limine concerning the authentication of digital image evidence. As stated, however, we find such contention without merit, as the material in question was properly authenticated where the state presented testimony of investigators identifying the evidence recovered from appellant's computer and media. See Bettis, 2005-Ohio-2917
at ¶ 29-31. Accordingly, we find appellant's ineffectiveness claim as to this issue without merit.
 {¶ 55} Fifth, appellant contends counsel was ineffective in failing to file motions to dismiss on the basis R.C. 2907.323[5]
unconstitutionally infringes on the right to privacy and private thought. Appellant, however, has failed to support these arguments with any applicable legal authority that would indicate a motion raising such challenges would have been meritorious at trial. "[A]cts of the General Assembly enjoy a strong presumption of constitutionality * * * and will be upheld unless proven beyond a reasonable doubt to be clearly unconstitutional." Tooley, 2007-Ohio-3698 at ¶ 29. Id. Moreover, "[a] statute will be invalidated as overbroad only when its overbreadth has been shown by the defendant to be substantial." Id. at ¶ 30.
 {¶ 56} Notably, the statutory section appellant alleges is unconstitutionally overbroad has previously been held constitutional on similar grounds. See Osborne, 495 U.S. 103. In *Page 16 Osborne, for instance, the United States Supreme Court held that an overbreadth challenge that the statute criminalizes "an intolerable range of constitutionally protected conduct," failed because the statute, as construed by the Ohio Supreme Court, "plainly survives overbreadth scrutiny. * * * [T]he statute prohibits `the possession or viewing of material or performance of a minor who is in a state of nudity, where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals, and where the person depicted is neither the child nor the ward of the person charged.' By limiting the statute's operation in this manner, the Ohio Supreme Court avoided penalizing persons for viewing or possessing innocuous photographs of naked children." Id. at 112-114.
 {¶ 57} Under Ohio law, it is well-established that trial counsel's failure to raise meritless issues does not constitute ineffective assistance of counsel. State v. Hill, 75 Ohio St.3d 195, 211,1996-Ohio-222. Because appellant has failed to demonstrate the statute at issue is unconstitutional beyond a reasonable doubt, we find appellant's argument that counsel was ineffective in failing to raise this issue without merit.
 {¶ 58} Finally, appellant argues counsel was ineffective in failing to object to the trial court's jury instruction regarding the mental state of recklessness. The Ohio Supreme Court has held, however, that recklessness is the mental state required to establish a violation of R.C. 2907.323(A)(1). See Tooley, 2007-Ohio-3698 at ¶ 37. The state is not required to prove that a defendant knew a particular image depicts real children rather than computer generated images of children to establish recklessness under the statute. See id. at ¶ 39-40. Accordingly, we find appellant's trial counsel was not ineffective in failing to object to the jury instruction in question.
 {¶ 59} Based upon the foregoing, we find appellant's fifth, sixth and seventh assignments of error without merit, and overrule the same accordingly. *Page 17 
 {¶ 60} Assignment of Error No. 8:
 {¶ 61} "VIOLATION OF 5TH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION"
 {¶ 62} In his eighth assignment of error, appellant argues the trial court violated his Fifth Amendment right against self-incrimination when it ruled that the state was permitted to use appellant's deposition testimony from a civil case on cross-examination if appellant chose to testify at trial. Prior statements by a defendant are admissible during a criminal trial if they were voluntarily made and are relevant.State v. Niesz (1994), Stark App. No. CA-9231, 1994 WL 728127, at *3;Miranda v. Arizona (1966), 384 U.S. 436, 444, 86 S.Ct. 1602;Colorado v. Spring (1987), 479 U.S. 564, 572, 107 S.Ct. 851. See, also, Evid.R. 801(D)(2). Here, however, the record indicates that appellant neither took the witness stand in his own defense nor was compelled to do so during his criminal trial, and therefore, that his deposition testimony was not introduced at trial or made known to the jury. As a result, we find no error concerning this issue. Appellant's eighth assignment of error is therefore overruled.
 {¶ 63} Assignment of Error No. 9:
 {¶ 64} "THE STATE'S EVIDENCE WAS INSUFFICIENT TO ESTABLISH THE KNOWING MENTAL STATE IN R.C. 2907.323[.]"
 {¶ 65} In his ninth assignment of error, appellant argues the state failed to provide sufficient evidence to establish the requisite mental state under R.C. 2907.323. Specifically, appellant contends the state failed to prove he had knowledge that the images in question depicted "actual" minors. We disagree.
 {¶ 66} In resolving questions concerning the sufficiency of the evidence to support a criminal conviction, the relevant inquiry is whether, after reviewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Bettis,2005-Ohio-2917 at ¶ 7. *Page 18 
 {¶ 67} R.C. 2907.323(A)(1) provides, in relevant part, that "[n]o person shall * * * [p]hotograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity * * *."
 {¶ 68} "Because R.C. 2907.323 does not specify any degree of culpability, the degree of culpability required to commit the offense is recklessness." Tooley, 2007-Ohio-3698 at ¶ 37, citing State v.Young (1988), 37 Ohio St.3d 249, 253. Pursuant to R.C. 2901.22(C), "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 69} To establish recklessness, the state must demonstrate a defendant had "notice of the character of the material possessed," which may be proven through circumstantial evidence. Bettis at ¶ 12, 16. Such evidence may include "the Internet search terms the defendant employed to find the child pornography, the text on the website where the pornography was found, the file names and titles of the images, as well as whether an identifiable victim is portrayed, and any technological information regarding the images themselves." Tooley at ¶ 39-40.
 {¶ 70} Here, the state presented evidence of appellant's home, office, and laptop computers, as well as a disk recovered from appellant's office, and the information recovered from these devices. As an initial matter, Lee Lerussi and Allan Buxton testified as to their analyses of the seized computers, indicating they were able to establish that appellant owned both the laptop and home computers. With respect to the office computer, Lerussi testified that his analysis indicated appellant was the exclusive user of such device. He further *Page 19 
indicated that the floppy disk retrieved from appellant's office was labeled, "chief's memo template."
 {¶ 71} In addition, the record indicates that the state presented evidence of images depicting child pornography recovered from the computers and floppy disk in question. Lee Lerussi, for example, identified at trial a number of images depicting nude minors, as well as minors engaged in an array of sexual activity, that he recovered from appellant's laptop computer and floppy disk. Similarly, Allan Buxton identified numerous images depicting nude minors and minors engaged in sexual acts, that he recovered from appellant's home computer.
 {¶ 72} The state also presented evidence at trial concerning the internet search history recovered from appellant's computers, indicating that appellant had specifically searched for these types of images. Such history included, for example, searches for "teeniemovies.com;" "girlsifound.com;" "sorority-teens.com;" "cheergirls.com;" "all-schoolgirls.com;" "freshlolita.com;" "free child porn pix;" "the real kiddie porn sites;" and others.
 {¶ 73} Nothing in the record suggests that appellant searched for virtual child pornography, or that the digital images in question did not depict actual minors. Rather, appellant advances only speculative contentions that because of technological advances, he could not differentiate images of real children from computer generated images of children. Moreover, we note that this court has reviewed the images in question, as the jury did in this case, and finds that a reasonable trier of fact could conclude real children are portrayed.
 {¶ 74} Accordingly, after reviewing the evidence in a light most favorable to the state, we find a rational trier of fact could conclude that appellant recklessly possessed the material in question, beyond a reasonable doubt. Appellant's ninth assignment of error is therefore overruled. *Page 20 
 {¶ 75} Assignment of Error No. 10:
 {¶ 76} "[APPELLANT] WAS DEPRIVED OF STATUTORY DEFENSE[.]"
 {¶ 77} In his final assignment of error, appellant argues he was deprived of the statutory defense provided under R.C.2907.323(A)(3)(a)[6] because such defense requires an admission of the underlying conduct. Appellant contends such an admission would lead to a guilt finding under overlapping federal offenses that do not recognize the defense. As an initial matter, the record indicates that appellant was indicted for multiple counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C.2907.323(A)(1). This section sets forth different defenses than those cited by appellant.[7] Nevertheless, our review of the record demonstrates that appellant did not attempt to assert any such defenses in this case, nor did he raise this argument at trial. As such, we find appellant's argument does not present a justiciable issue. See State v.Stambaugh (1987), 34 Ohio St.3d 34, 38 (Douglas, J., concurring in part and dissenting in part, explaining that "[f]or a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties"), citing Burger Brewing Co. v. LiquorControl Comm. (1973), 34 Ohio St.2d 93, 97-98; and Williams v.Akron (1978), 54 Ohio St.2d 136, 144-146. Accordingly, appellant's tenth assignment of error is *Page 21 
overruled.
 {¶ 78} Judgment affirmed.
YOUNG, P.J. and WALSH, J., concur.
[1] Appellant was convicted of one fourth-degree felony count of pandering obscenity involving a minor, in violation of R.C.2907.321(A)(5) and one fifth-degree felony count of pandering obscenity, in violation of R.C. 2907.32(A)(5). R.C. 2967.28(A)(3) provides that "a violation of a section contained in Chapter 2907 of the Revised Code that is a felony" constitutes a "[f]elony sex offense." Pursuant to R.C.2967.28(B), "[e]ach sentence to a prison term for * * * a felony sex offense * * * shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * [A] period of post-release control required by this division * * * shall be * * *: (1)* * * for a felony sex offense, five years * * *."
[2] The other offenses of which appellant was convicted are not specifically addressed in this opinion.
[3] We note that appellant has similarly failed to provide any argument or legal authority in support of his speedy trial challenge on appeal.
[4] "Unallocated" space, as used by the state's witnesses at trial, refers to the location in which a deleted item is stored on a hard drive.
[5] We note that appellant, in this assignment of error, refers to a different subsection than that under which he was convicted in this case. Appellant was convicted of violating R.C. 2907.323(A)(1), rather than R.C. 2907.323(A)(3).
[6] This section provides an exception to liability where "one of thefollowing applies: (a) The material or performance is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance. (b) The person knows that the parents, guardian, or custodian has consented in writing to the photographing or use of the minor in a state of nudity and to the manner in which the material or performance is used or transferred." (Emphasis added.)
[7] This section provides an exception to liability where "both of thefollowing apply: (a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance; (b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used." (Emphasis added.) *Page 1