OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Edward Griffin, filed April 26, 2006. On October 24, 2003, a Montgomery County Grand Jury indicted Griffin on two counts of aggravated burglary, in violation of R.C. 2911.(A)(1) and (2), and two counts of felonious assault, in violation of R.C.2903.11(A)(2). At trial, the State dismissed one count of *Page 2 
aggravated burglary and one count of felonious assault. Griffin was found not guilty of felonious assault, and the jury was unable to reach a verdict on the charge of aggravated burglary under R.C. 2911.11(A)(1). The trial court declared a mistrial as to the aggravated burglary charge. A second trial also resulted in a mistrial. Following a third trial, Griffin was found guilty of aggravated burglary, and the trial court sentenced him to a three-year prison term. Griffin appealed, and we affirmed the trial court's judgment. State v. Griffin, Montgomery App. No. 20681, 2005-Ohio-3698. On March 27, 2006, Griffin filed a motion to dismiss his conviction, which the trial court overruled on March 29, 2006. It is from that decision that Griffin now appeals, arguing that his second and third trial were barred by the Double Jeopardy Clause of the U.S. Constitution.
 {¶ 2} Griffin asserts six assignments of error as follows:
 {¶ 3} 1. "The Court erred in failing to grant Mr. Griffin his Dismissal that was made on January 27, 2004. Which was witnessed by Defense Attorney Anthony Vannoy and made part of the closing of this case on January 27, 2004, by Prosecuting Attorney Steven Abshire, as orally abjudged by judicial decision.
 {¶ 4} 2. "The failure of the Court to uphold the jury's verdict of acquittal on Felonious Assault/Deadly Weapon.
 {¶ 5} 3. "Is the abuse of State's power to reopen, Mr. Griffin's case was prejudice to render this case, Unconstitutional and Unfair, also applying Double Jeopardy to the circumstances of his case as an Unfair Proceedings.
 {¶ 6} 4. "The Honorable Michael Tucker abused his discretion in allowing the State's Prosecution to reopen this case, `Demonstrational Evidence,' because this case had already been *Page 3 
dismissed by Prosecutor Steven Abshire and the jury had acquitted Mr. Griffin of the felonious assault/serious harm, this was a grave miscarriage of justice.
 {¶ 7} 5. "Mr. Griffin is an innocent man. Mr. Griffin has documented evidence of his innocence from Ms. Bailey, his loving friend.
 {¶ 8} 6. "The failure of his Counsel to argue these errors resulted in ineffective assistance of counsel, and if Counsel would have argued these facts the outcome would have been different."
 {¶ 9} We will address all of Griffin's assignments of error together.
 {¶ 10} The Fifth Amendment to the U.S. Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause only applies "if there has been some event, such as an acquittal, which terminates original jeopardy." Richardson v. U.S. (1984), 468 U.S. 317, 325, 104 S.Ct. 3081, 82 L.E.2d 242. "[A] trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree." Id., at 326. In other words, a hung jury is not the equivalent of an acquittal. Id., at 325. Accordingly, the double jeopardy clause did not bar Griffin's second and third trials.
 {¶ 11} After the first mistrial, Griffin was tried twice for aggravated burglary, under R.C. 2911.11(A)(1), and not felonious assault, under R.C. 2903.11, for which he was acquitted. Griffin's suggestion that his acquittal for felonious assault was not upheld by the trial court is misplaced. A judgement entry of acquittal was filed and Griffin was convicted on a distinct and *Page 4 
separate offense of aggravated burglary/physical harm under R.C. 2911.11(A)(1).
 {¶ 12} We note that in his direct appeal, Griffin argued that "the trial court erred in failing to grant a mistrial and in permitting the state to reopen its case." Griffin contended on direct appeal that the court should have granted a mistrial upon the parties' discovery that the State had been arguing the wrong legal theory, and he also asserted that the trial court erred in allowing the State to reopen its direct examination of a witness. It is apparent that Griffin is attempting to relitigate issues already decided against him on direct appeal. The doctrine of res judicata, however, bars these arguments; "[d]eterminations on appeal become the law of the case concerning the issues decided." State v. White (Oct. 17, 1991), Clark App. No. 2787.
 {¶ 13} Finally, Griffin suggests in a final assignment of error that counsel was ineffective for failing to assert "these errors." But, the errors of which Griffin complains are wholly without merit under either the double jeopardy clause or the doctrine of res judicata as previously noted.
 {¶ 14} Griffin's assignments of error are overruled. Judgment affirmed.
WOLFF, P.J. and BROGAN, J., concur.
Copies mailed to:
Jill R. Sink
Edward L. Griffin
 Hon. Michael L. Tucker *Page 1