[Cite as *State v. Thompson*, 2014-Ohio-5583.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY  COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26280 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-377/2 |
| v. | : | |
| | : | |
| CRAIG A. THOMPSON | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 19th day of December, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

THOMAS A. HANSEN, Atty. Reg. #0016152, 130 West Second Street, Suite 1900, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Craig Thompson appeals from an order of the Montgomery County Court of Common Pleas overruling his motion to dismiss his indictment following a mistrial due to a deadlocked jury. Thompson contends that the trial court erred because retrial violates both his right to due process of law and the Double Jeopardy clause.

{¶ 2} We conclude that jeopardy did not attach in this case. Therefore, the trial court did not err in overruling Thompson's motion to dismiss. Thompson has presented nothing to support his claim that his due process rights were violated. Accordingly, the order of the trial court from which this appeal is taken is Affirmed.

## I. The Course of Proceedings

{¶ 3} In March 2013, Thompson was indicted on a charge of Complicity to Commit Burglary, in violation of R.C. 2911.12(A)(1). A jury trial conducted in April 2014 resulted in a mistrial after the jury reported that it was deadlocked. The matter was set to be retried on June 23, 2014.

{¶ 4} On June 12, 2014, Thompson filed a "Motion to Dismiss Defendant's Indictment on the Issues of Double Jeopardy and Denial of Due Process." In his motion, he argued that he was entitled to file an appeal of his Double Jeopardy claim (presumably, if the trial court were to overrule his motion, which it did) prior to retrial. In support, he cited *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, in which the Supreme Court of Ohio held that "an order denying a motion to dismiss on double-jeopardy grounds is a final, appealable order." *Id.*, ¶ 61. The motion also discussed the general interests served by the

Double Jeopardy clause. Other than stating that a defendant is harmed by having to go through a second trial and face a possible "unjust conviction," the motion did not address any specific Double Jeopardy violations as applied to Thompson. The trial court set the matter for hearing. At the hearing, the following colloquy took place:

THE COURT: My question with your motion, my issue with the way you're proceeding is * * * you have not indicated a reason why a trial that results in a hung jury is one, without more, where jeopardy attaches. * * *

I asked you last week when you brought this up – I understand *Anderson*. I fully accept it. It makes sense to me. If you are bringing up a double jeopardy issue that you should stop the trial. If the parties choose to appeal, you should stop the trial and go to the Court of Appeals to see if the second trial is warranted.

My problem is there is not one, I think, sentence in this that indicates why you believe double jeopardy attaches in this instance. You talk, in general, about double jeopardy and that's why I asked if there was anything further.

I know of no case law and I have, you know, I've been on the bench 26 years. I've probably tried over that time, it doesn't happen all the time, but I have tried over that time I would say between six and ten cases where there was a hung jury and the case was tried again.

The fact that a motion to dismiss, if overruled, allows an appeal, that still does not indicate to me upon what basis that motion to dismiss for double jeopardy is based.

And so, other than this, have you found any case law that indicates that a

trial to a jury, where there is a deadlocked jury, somehow attaches double jeopardy to the case. And that's what I'm looking for.

＊＊＊

And one further thing. The *Anderson* case, I believe, went out if its way to indicate it was a procedural motion and that it was nothing on the merits. That is the procedural, the whole thing about the *Anderson* case is the procedural issue that if a motion to dismiss is filed for double jeopardy grounds and the Court overrules it, you have a right to an immediate appeal.

MR. HANSEN: The problem with, I did research double jeopardy. ＊＊＊ And what keeps coming up, because we didn't have this new Ohio Supreme Court case [*Anderson*], is the fact that they're appealing after conviction. If there's an acquittal, there's no appeal, period. But they're appealing after conviction and the Supreme Court and the U.S. Supreme Court says that is not a remedy, at all, to appeal after a conviction. You have to get it before the second trial starts.

THE COURT: But there has to be a legitimate reason. And, again, I asked. I know you can take an appeal if I overrule this. I understand that. But what is the underlying basis to say that jeopardy attached in this case?

MR. HANSEN: Because the jury came back deadlocked and the State presented all their evidence, all their witnesses. There has been no new evidence presented to me, no new witnesses presented to me. The majority of that deadlocked jury was for the defendant. And if the case be known, I can tell you that it's seven-five. But there was discussion in the jury room and it would've

been nine-three for acquittal had the word "slave" not been used during the defense, one of the defense witness' testimony.

THE COURT: Okay. You're going way beyond anything that's appropriate here to bring up what is discussed in the jury room for whatever basis. The point is it was a seven-five decision which is as close to 50 percent as you can get, six-six, seven-five.

The fact, by itself, that there was a hung jury again there have been numerous cases where there has been a hung jury and the issue of double jeopardy does not come up, not because *Anderson* wasn't available but because there was not – is there a case somewhere that says when there is a hung jury, jeopardy attaches? That's what I'm asking you.

MR. HANSEN: Well, I cited *Harpster v. Ohio* which is a federal case, on page 4 of my motion, that goes to the issue. And the State tried to stay the state court proceedings to permit litigation of his double jeopardy claim before his second trial.

THE COURT: Fine. And what was his double jeopardy claim in that case?

MR. HANSEN: Because of the Constitution of the United States –

THE COURT: I understand that, factually. What was the double jeopardy issue?

MR. HANSEN: I don't have the factual aspect of that case in front of me.

THE COURT: Okay. All right. Based upon the motions and the law

submitted, the Court overrules and denies the motion to dismiss.

**{¶ 5}** Following the denial of the motion, Thompson appealed. The State filed a motion to accelerate the appeal, which we granted.

## II. Double Jeopardy Does Not Bar Retrial After a Hung Jury

**{¶ 6}** Thompson's First Assignment of Error states:

THE TRIAL JUDGE ERRED IN NOT DISMISSING THE INDICTMENT AS CONTINUED PROSECUTION VIOLATES DOUBLE JEOPARDY.

**{¶ 7}** Thompson contends that jeopardy attached when the trial ended in a deadlocked jury. He argues that his right to finality, to be tried by one particular panel, and to avoid having to "run the gauntlet" a second time, implicates his right to be free from double jeopardy. He further argues that simply having to go through a second trial constitutes harm. He admits case law holds that jeopardy does not attach when there is a manifest necessity for the declaration of a mistrial. However, he appears to argue that a deadlocked jury does not necessitate the declaration of a mistrial. Finally, he appears to argue that double jeopardy attached because he did not request a mistrial.

**{¶ 8}** "It is well-established that the Double Jeopardy Clause protects against successive prosecutions for the same offense." *State v. Whiteside*, 10th Dist. Franklin No. 08AP-602, 2009-Ohio-1893, ¶ 15. However, "the Double Jeopardy Clause only applies 'if there has been some event, such as an acquittal, which terminates original jeopardy.' " *State v. Griffin*,

2d Dist. Montgomery No. 21578, 2007-Ohio-2099, ¶ 10, quoting *Richardson v. U.S.*, 468 U.S. 317,104 S.Ct. 3081, 82 L.E.2d 242 (1984). "[A] trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree." *Richardson*, at 326, *accord Griffin*, at ¶ 10. In other words, "courts have consistently held that a retrial following a mistrial because of a deadlocked jury does not violate double jeopardy principles." *Whiteside*, at ¶ 15.

{¶ 9} In the trial court, Thompson cited both *Anderson*, *supra*, and *Harpster v. State of Ohio*, 128 F.3d 322 (6th Cir. 1997), as support for his claim that retrial is barred. The *Anderson* court did state that "retrial itself is one of the harms at issue in double-jeopardy cases" and "[t]hat harm cannot be remedied by a subsequent acquittal in the trial court or by the reversal of any conviction through appeal after trial." *Id.* at ¶ 57. However, that statement does not mean that the mere specter of retrial is enough to trigger the Double Jeopardy Clause. Indeed, a review of *Anderson* shows that the Supreme Court of Ohio was addressing only the issue of whether a denial of a motion to dismiss on double jeopardy grounds is a final appealable order. The court did not address the merits of the defendant's underlying double-jeopardy claim. It merely held that when there is a double-jeopardy issue, the defendant has a right to appeal the denial of a motion to dismiss before retrial. This case does not support Thompson's argument that double jeopardy applies in his case to bar a retrial after a hung jury mistrial.

{¶ 10} In *Harpster*, the State moved for a mistrial, which was granted, following what it perceived to be prejudicial testimony elicited by defense counsel. *Id.*, at 325. Upon appeal, the

reviewing court found that the mistrial was unnecessary because a "simple corrective instruction would have sufficiently protected against jury bias." *Id.*, at 330.

{¶ 11} We find *Harpster* inapplicable, because Thompson has not alleged, and there is no evidence of, prosecutorial misconduct or bad faith act on the part of the State resulting in an unnecessary mistrial. There is no evidence that Thompson objected to the declaration of a mistrial, that there was any argument regarding the necessity thereof, or that the trial court erred by declaring a mistrial. There is no allegation that the evidence presented by the State was insufficient to support a conviction, and in the absence of any evidence to the contrary, we presume that the trial court correctly permitted the case to go to the jury.

{¶ 12} Thompson has not made any allegation, or demonstrated any evidence, to support his claim that a retrial is prohibited by the Double Jeopardy Clause. The First Assignment of Error is overruled.

### III. Even if it Could Be the Basis for an Appeal Before Judgment, Thompson Has Not Set Forth Any Facts to Support his Claim that his Due Process Rights Were Violated

{¶ 13} Thompson's Second Assignment of Error provides as follows:

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S

MOTION TO DISMISS BASED UPON DUE PROCESS GROUNDS.

{¶ 14} Thompson contends that the indictment should have been dismissed because a retrial violates his right to Due Process. As noted by the State, Thompson presented no argument to the trial court, either in his motion or at the hearing, regarding the issue of Due

Process.

{¶ 15}   In his brief to this court, Thompson claims that due process prohibits retrial because the likely result from a retrial will be another hung jury, since the State has no new evidence or witnesses to present.   In support, he cites *U.S. v. Ingram*, 412 F.Supp. 384 (D.C. Dist. 1976).   In that case, the defendant was tried and acquitted by a jury.   *Id.*, at 385.   The trial court then dismissed the indictment, without objection by the state.   *Id.*   The state later asked for a reconsideration of the dismissal, which was denied by the trial court. *Id.*   We find *Ingram* inapplicable; Thompson has not been acquitted by a jury, and *Ingram* does not discuss due process in the context of a properly declared mistrial.

{¶ 16}    In any event, we find no abuse of Thompson's due process rights.   This is not a case in which there is any evidence that the State is abusing its power by attempting to re-try the case, nor is it a situation in which Thompson has been retried numerous times.

{¶ 17}   Finally, even if this record presented an issue concerning Due Process, we are not prepared to expand *Anderson's* holding that the overruling of a motion to dismiss on Double Jeopardy grounds may be appealed before judgment, to the overruling of motions to dismiss based upon other grounds, which could lead to piecemeal appeals and protracted litigation.

{¶ 18}   The Second Assignment of Error is overruled.

## IV.   Conclusion

{¶ 19}   Both of Thompson's assignments of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.

. . . . . . . . . . . . .

DONOVAN, J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Carley J. Ingram
Thomas A. Hansen
Hon. Barbara P. Gorman